(87 Misc. Rep. 411)

PEOPLE ex rel. SHIELDS v. WATKINS, Supervisor, et al.

(Supreme Court, Special Term, Washington County. September 26, 1914.)

1. TOWNS (§ 28*)—TOWN BOARD—MEETING—PLACE—MEETING OUTSIDE TOWN.
Town Law (Consol. Laws, c. 62) § 131, requires at least two annual meetings of the town board at the office of the town clerk, and provides that special meetings may be called by giving two days' notice in person or in writing to the members of the time and place of such meeting. *Held* that, though with the exception specified meetings of the town board need not be held at the town clerk's office, yet, except as authorized by statute to be held outside the town, such meetings must be held within the town, and hence a meeting of the board to revoke an appointment of two election inspectors, and to appoint others, held outside the town, was illegal.
[Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 43–51; Dec. Dig. § 28.*]

2. TOWNS (§ 26*)—TOWN BOARD—MEETING—PLACE—VALIDITY—RIGHT TO CONTEST.
Where a meeting of a town board to rescind the appointment of election inspectors and to appoint others was improperly held outside the town limits, one of the members of the board, though present and participating in such meeting, was nevertheless entitled to raise the question of the legality of the meeting in the interest of the public.
[Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 37–41; Dec. Dig. § 26.*]

Mandamus by the People, on relation of Robert Shields, against William D. Watkins, Supervisor, and others. Order for peremptory writ granted.

Fred A. Bratt, of Ft. Edward, for plaintiff.
Robert R. Law, of Cambridge, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BORST, J. The defendants were required by the terms of a writ of peremptory mandamus issued out of this court to meet as a town board of the town of Jackson and revoke the appointment by them as such board of two inspectors of election theretofore appointed by such board and appoint two other qualified and proper inspectors. The defendants met as required, but met outside of the town of Jackson, in which they were town officers, in the adjoining town of White Creek, and made appointments which are challenged.

The relator, who now questions the legality of the appointments because the meeting was held in a town other than that in which the defendants were town officers, attended and took part in the proceedings of the meeting, and so far as appears without objection. He now, however, urges that such meeting was illegal, and asks that the town board be required to meet in the town of Jackson, reconsider their action taken in the town of White Creek, and proceed as directed by the original writ of mandamus granted herein.

No question is made but that each of the members of the town board, defendants herein, was notified of the meeting and attended. It was conceded by counsel on the argument that the town of Jackson contains no public buildings of any character—no town hall, hotel, restaurant, or church, or any other structure which the public have a right to enter without special invitation.

[1] By section 131 of the Town Law it is provided that there shall be held at least two meetings annually of the town board of each town at the office of the town clerk, and the dates of which meetings are specified in the section. This section also provides that special meetings of the town board may be called at any time by giving at least two days' notice in person or in writing to the other members of the town board of the time when and place where such meeting is to be held. Taking the provisions of this section all together, the meetings other than the two which are specially required to be held are not required to be held at the town clerk's office, but may be held at "the time when and place where" such meeting is called.

There are certain provisions of the statutes of the state which provide for the meetings of town boards to transact business in which two or more towns are mutually interested, and in such case of necessity one or more of such boards must meet outside of its town. Except, however, as it is provided by statute for such meetings of town boards outside of their towns, it would seem as if their authority, not only to act, but for the purpose of taking action, should be within the towns in which their members hold office. To avoid abuse of the powers of a majority of a town board, and in the interest of the public, this would seem to be required. A member of a town board should not be required to attend a meeting of such board outside of his town, except in the special cases provided for by statute. Citizens of a town, interested in matters pending before the town board of their town, should not be required to go outside of their town to participate in matters of business in which they are interested before their town board. If this be not so, meetings could be held at long

distances from the town, and might lead, not only to serious inconvenience, but to grave abuses.

[2] Conceding, then, that the meeting in question should have been held within the town of Jackson, can an objection be made to what was done at such meeting by any of the officers who attended and participated in its proceedings? I am of the opinion that the acts of the town board in this particular case were coram non judice. Even if it should be held that the parties attending and participating in the acts of the meeting in question could not in their own interest object to what was done, which I doubt, yet the public is interested, and one of such parties, as a citizen of the town and acting in the interest of the public, could raise the question as to the legality of the meeting of the board held outside of the town.

While in the particular case everything was undoubtedly done with the best of motives, and with no desire to secure an unfair advantage, yet as a matter of principle, as well as under the general scheme of our laws relating to the acts of public officers, it should be held that the meetings of a town board should be within the town, except in the special cases otherwise provided for by statute. This is the better and safer holding to be adopted, and it is accordingly accepted as the law in this case.

An order may accordingly issue as prayed for, but, under the circumstances, without costs.